[No. 2426]

## PHŒBE BOSWELL CLARK, APPELLANT, *v.* ALLEN LABEN CLARK, RESPONDENT.

[189 Pac. 680]

1. DIVORCE—COURT MUST GIVE WIFE ONE-HALF OF PROPERTY OF HUSBAND DIVORCED FOR INFIDELITY.

Under Civil Practice Act, sec. 27 (Rev. Laws, 5843), as amended by Stats. 1915, c. 211, entitling the wife when divorce is granted for the husband's adultery to the same proportion of his property as if he were dead, the court, in granting a divorce to a wife on that ground, has no discretion to allot her monthly alimony, but must give her one-half of her husband's property.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action for divorce by Phœbe Boswell Clark against Allen L. Clark. From so much of the decree of divorce as allowed plaintiff monthly alimony instead of a share of defendant's property as claimed by her, plaintiff appeals. **Reversed and remanded for new trial** on the issue of the property rights.

*Frame & Raffetto,* for Appellant:

The court erred in refusing to award plaintiff one-half of the separate property of the husband. The law on the subject is plain. "When a divorce shall be ordered for the cause of adultery committed by the husband, the wife shall be entitled to the same proportion of his lands and property as if he were dead." Rev. Laws, 5843.

"It would hardly be claimed than when the marriage is dissolved by the husband being sentenced to imprisonment or for his adultery, the court could award the wife either more or less of his property than she would be entitled to receive if he were dead." Lake v. Bender, 18 Nev. 361. Upon the death of the husband, in the absence of living issue, the wife is entitled to one-half of his separate property. Stats. 1913, p. 56.

*Hoyt, Norcross, Thatcher, Woodburn & Henley,* and *John D. Hoyt,* for Respondent:

There is no proof in the case upon which a judgment for a specific portion of defendant's property as though he were dead could be based. There was no proof that defendant had any specific property whatsoever, nor respecting what disposition the law would have made of his property were he dead at the time of the trial. Neither was there any proof as to whom his heirs at law might be, or what portion of his property they would have taken. A judgment affecting property rights must be specific, and there must be specific property to decree.

By the Court, SANDERS, J.:

This appeal is taken by Phœbe Boswell Clark from a decree of divorce in her favor on the ground of adultery committed by her husband, Allen L. Clark. The appellant does not wish to have the decree of the court reversed so far as it dissolves the marriage contract between the parties, but asks this court to vacate that part of the decree of divorce that purports to award appellant $125 per month for her support until the further order of the court, and declares said allowance to be a lien upon the separate property and property rights of the defendant to secure its payment. In her notice of appeal appellant states that she appeals to this court only from that part of the judgment as relates to the property rights of the parties, and from that part of an order denying her motion for a new trial of the issues respecting the property rights alone of the

parties. It appears that in her complaint for divorce she alleges in general terms that the community and separate property of the parties in the possession and under the control of defendant is of the value of $40,000 or $50,000, and exhibits with and makes a part of her complaint a paper designated an inventory, giving the description of the alleged property and purporting to show its value. She then demands judgment that the defendant be compelled to account to plaintiff for all the property, and upon said accounting that the court determine what portion of the property is community and what is separate, and that the property be divided in such manner as shall be just and equitable, and in accordance with law.

The court, in one of its findings of fact, states there is no community property of the parties, and finds that defendant is the equitable owner of 9,999 shares of the capital stock of the Allen L. Clark Company, a corporation holding real estate of the value of ............ dollars, and that a reasonable amount to be paid by defendant for the support of the plaintiff is the sum of $125 per month.

Counsel for appellant state in their brief that there is but one question involved on this appeal, and that is whether or not the court erred in refusing to award Phœbe Boswell Clark one-half of the separate property of the defendant; hence this opinion will be confined to the answer of the query: Did the court err in the particular specified?

It is the contention of counsel for appellant that, the court having granted to her an absolute divorce from defendant on the grounds of adultery alone, under and by virtue of section 27 of the Civil Practice Act (Rev. Laws, 5843, as amended by Stats. 1915, p. 324), plaintiff is entitled to the same proportion of the lands and property of defendant as if he were dead.

Section 27, as amended, in part reads as follows:

"When the marriage shall be dissolved by the husband being sentenced to imprisonment, and when a divorce

shall be ordered for the cause of adultery committed by the husband, the wife shall be entitled to the same proportion of his lands and property as if he were dead; but in other cases the court may set apart such portion for her support, and the support of their children, as shall be deemed just and equitable."

It is indeed remarkable that in no reported case has the precise question here raised been adjudicated, although the law has been in existence since before the adoption of our constitution, and is taken from the territorial laws of Nevada. Stats. 1861, p. 99. There is dictum of this court to the effect that it was the intention of the legislature by the adoption of the provision to take all discretion from the court when a marriage is dissolved by the husband being sentenced to imprisonment, and when a divorce shall be ordered for the cause of adultery committed by the husband (Lake v. Bender, 18 Nev. 411, 4 Pac. 711, 7 Pac. 74), and that the legislature intended that in case of divorce for the misconduct of the husband, other than imprisonment or adultery, his individual or sole property should be subject to the order of the court under the provisions of section 27. Darrenberger v. Haupt, 10 Nev. 47. The latter part of the provision has been construed and applied in numerous cases, but the question as now presented is new, and it will not be denied that it is important for a clear understanding of our divorce laws. We are clearly of the opinion that, by the adoption of the provision and its not having been amended or supplemented by any subsequent legislation, it was not only the intention of the legislature to take all discretion from the court where a divorce is ordered for the cause of adultery committed by the husband, but the provision is peremptory in character, and, when a divorce is ordered for the cause of adultery committed by the husband, it is the mandatory duty of the court to ascertain the lands and property of the husband and enter a decree in accordance with its provisions. Were we called upon to further construe this provision of the law,

we should say that it is intended in the nature of a satisfaction to the aggrieved wife as well, as a punishment of the guilty husband. No good reason can be assigned why the wife, if she is compelled to a separation, not by her fault, but entirely by the adulterous act of her unfaithful husband, should receive less of his estate than if he had been taken from her by death. So far as the wife's standing in society is concerned, the law places her in the position of a respectable widow, rather than to remain the reputed wife, in the eyes of the unthinking world. Thornberry v. Thornberry, 4 Litt. (Ky.) 252.

Since the aggrieved wife is entitled in such cases to the same proportion of the husband's lands and property as if he were dead, it follows that the power and authority of the court is controlled by the laws that regulate the distribution of the estates of deceased persons.

Having answered the appellant's question in the affirmative, it follows that that part of the decree which purports to adjudge, order, and decree to the plaintiff $125 per month as permanent alimony for her support until the further order of the court, and making said allowance a lien on the separate property or property rights of the defendant, must be reversed.

It must be understood that we venture no opinion on the merits of the plaintiff's claim.

The cause is remanded for a new trial on the issue of the property rights of the parties.